DAVID LOPEZ, ESQ.  DL-6779
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
631.287.5520 | DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ. MT-1979
885 Park Avenue # 2A
New York, New York 10075
323-790-4881| MiriamTauberLaw@gmail.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBORAH DONOGHUE and MARK RUBENSTEIN, <br><br>Plaintiffs, <br><br>v. <br><br>H&E EQUIPMENT SERVICES, INC., <br><br>Nominal Defendant, <br><br>and <br><br>BRADLEY W. BARBER, <br><br>Defendant. | No. **20-cv-3778** _____ <br><br> **COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT, 15 U.S.C. § 78p(b)** <br><br> **JURY TRIAL DEMANDED** |

**THE PLAINTIFFS**, by David Lopez, Esq., and Miriam Tauber, Esq., their attorneys, complaining of the Defendant respectfully allege the following upon information and belief, except as to Paragraph 2, which Plaintiffs allege on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. § 78aa.

1

**THE PARTIES AND VENUE:**

2.  Each of the Plaintiffs are security owners of H&E EQUIPMENT SERVICES, INC. ("H&E") a Louisiana corporation with principal offices and domicile at 7500 Pecue Lane, Baton Rouge, Louisiana 70809.

3.  At all times relevant the common stock of H&E as a class was registered under Section 12(b) of the ACT.

4.  At all times relevant the common stock of H&E was listed for trading on the NASDAQ Global Market, a national securities exchange located within this District and one or more of the transactions to be recited hereafter was effected through the facilities of that exchange making venue correct in this District.

5.  This action is brought in the right and for the benefit of H&E which is named as a Nominal Defendant solely in order to have all necessary parties before the court.

6.  At all times relevant BRADLEY W. BARBER ("BARBER"), was Chief Executive Officer and President of H&E and thereby a so-called 'insider' as that term is understood within the meaning of Section 16(b) of the ACT.

**STATUTORY REQUISITES:**

7.  The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by a non-exempt person within the meaning of the ACT.

8.  Demand for prosecution was made on H&E on March 19, 2020. Plaintiffs' demand letters were responded to on May 13, 2020, by Peter L. Stevens, Esq., outside counsel to H&E, indicating that upon receipt of the letters from Plaintiffs' attorneys demanding recovery of short-swing profits, BARBER telephoned his stockbroker and instructed him to cancel or rescind the

2

sale transaction. It was and is Mr. Stevens' contention that the sale thereby "did not occur" and that "the Board of Directors (with management directors recused) has determined not to pursue any Section 16(b) claims against Mr. Barber."

9. Further delay in the filing of suit would be a futile gesture.

10. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C § 78p(a), Section 16(a) of the ACT, setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission (SEC).

**FIRST CLAIM FOR RELIEF:**

11. BARBER sold 21,273 shares of H&E common stock on November 8, 2019.

12. BARBER purchased at lower prices 32,205 shares of H&E common stock on March 18, 2020, within less than six months of the sale described at Paragraph 11, *supra*.

13. The foregoing sale and purchase within a period of less than six months while BARBER was an insider of H&E generated recoverable profits under Section 16(b) of the ACT in an amount unknown to Plaintiffs but estimated to approximate $572,243.70. The precise amount to be recovered will be determined through discovery and an accounting.

14. Upon H&E's receipt of Plaintiffs' demands for recovery of resulting short-swing profits on March 19, 2020, (see Paragraph 8, *supra*) BARBER, rather than discharging his fiduciary duties by paying those profits over to H&E, which profits were its property from the moment of purchase on March 18, 2020, sought to develop a plan to avoid his matured obligation.

15. In furtherance of that plan he instructed, or caused his broker to be instructed, on his behalf, to transfer the purchase transaction to the broker's error account.

16. The transfer was a sham, BARBER assuming any loss the broker might incur in settling the purchase by going into the market and purchasing shares to cover. In fact, the broker was acting as BARBER's agent for his account and risk at his instruction.

17. The broker's error report indicates that BARBER's reason for attempting to cancel the purchase was his realization that he had incurred a short-swing trading liability.

18. BARBER's broker charged or debited BARBER's account to indemnify itself against the difference in the purchase price incurred by BARBER on March 18, 2020, and the different price paid by the broker on or about March 19, 2020, to buy-in-to-cover settlement shares in its error account.

19. This sham arrangement, as a matter of law and as a matter of public policy, is ineffectual to shield BARBER from paying over to his *cestui que trust*, H&E, the short-swing profits due to it from him.

20. The buy-to-cover shares were an additional purchase of the common stock of H&E by or on behalf of BARBER and they may be matched against the sale of 21,273 shares at higher prices on November 8, 2019, (Paragraph 11, *supra*) to yield additional short-swing profits in an amount unknown to Plaintiffs.

**SECOND CLAIM FOR RELIEF:**

21. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

22. BARBER, acting during periods not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold, or sold and purchased equity securities or equity security equivalents of H&E within periods of less than six months of each

other while an insider of H&E including but not limited to the transactions pleaded in the First Claim For Relief.

23. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of H&E, BARBER realized profits, the exact amounts thereof being unknown to Plaintiffs, which profits inure to the benefit, and are recoverable by Plaintiffs on behalf, of H&E.

**WHEREFORE**, Plaintiffs demand judgment:

a) Requiring BARBER to account for and to pay over to H&E the short-swing profits realized and retained by him in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiffs their costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

c) Granting to Plaintiffs such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         May 15, 2020

Yours, etc.

*s/ Miriam Tauber*                                           *s/ David Lopez*

Miriam Tauber, Esq.                                         David Lopez, Esq
*Attorney for Plaintiffs*                                    *Attorney for Plaintiffs*